IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00332-BNB

RONALD CARLTON TAYLOR,

      Plaintiff,

v.

DETECTIVE MICHAEL BORQUEZ,
OFFICER JEFF MASCIANGELO,
OFFICER GERARD ALARCON,
OFFICER PATRICK BOUHANA, and
OFFICER BRIAN MATOS,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 0 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Ronald Carlton Taylor, currently resides in Denver, Colorado. Mr. Taylor initiated this action by filing a ***pro se*** Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. He seeks money damages.

The Court must construe the Complaint liberally because Plaintiff is a ***pro se*** litigant. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a ***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Taylor will be ordered to file an Amended Complaint and assert personal participation by all named parties.

The Court has reviewed the Complaint and finds that it is deficient. Plaintiff must assert personal participation by each named defendant. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Taylor

must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Taylor, therefore, will be directed to file an Amended Complaint that alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violation. In order for Mr. Taylor to state a claim in federal court, his Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Taylor file an Amended Complaint, **within thirty days from the date of this Order**, that is in keeping with the instant Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Taylor, together with a copy of this Order, two copies of a Court-approved Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Taylor fails to comply with the instant Order within the time allowed the action will be dismissed without further notice.

2

DATED February 20, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00332-BNB

Ronald Carlton Taylor
2017 E. 25th Avenue
Denver, CO 80205

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 2/20/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk